```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| NEW JERSEY BUILDING LABORERS' STATEWIDE BENEFIT FUNDS AND THE TRUSTEES THEREOF<br><br>          Petitioner,<br><br>     v.<br><br>GENERAL CIVIL CORPORATION<br><br>          Respondent. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 08-6056<br>         (JEI/AMD)<br><br>**MEMORANDUM ORDER<br>DENYING MOTION FOR CONTEMPT<br>(Dkt. No. 5)** |

**APPEARANCES:**

KROLL HEINEMAN, LLC
By:  Michael George McNally, Esq.
Metro Corporate Campus I
99 Wood Avenue South, Suite 307
Iselin, NJ 08830
     Counsel for Petitioner

**IRENAS**, Senior District Judge:

     This matter having appeared before the Court upon Petitioner's Motion for Contempt, and it appearing that:

     1.  This federal proceeding[1] was initiated by Petitioner New Jersey Building Laborers' Statewide Benefit Funds and the Trustees Thereof ("Petitioner") against Respondent General Civil Corporation ("General Civil") to confirm the result of an arbitration proceeding conducted in October, 2008.

     2.  Petitioner and General Civil were the only parties to

---

[1] For the purposes of clarity, the Court will refer to the instant judicial action as the "federal proceeding" and the underlying arbitration action as the "arbitration proceeding."

the arbitration proceeding, which was presented before Arbitrator J.J. Pierson on October 27, 2008.  (Arb. Award and Order, Oct. 30, 2008)  General Civil did not enter an appearance in the arbitration proceeding.  (Id.)  On October 30, 2008, Pierson issued an Award and Order directing General Civil to, among other obligations, remit $6,054.65 to Petitioner.  (Id.)

    3.  In this federal proceeding, Petitioner asserted that General Civil had failed to comply with the arbitration Award and Order.  (Pet. to Confirm Arb. Award ¶ 10)  Therefore, Petitioner moved for a judicial order confirming the result of the arbitration proceeding, and the entry of a monetary judgment in its favor.  (Pet. to Confirm Arb. Award (Ad Damnum Clause))  General Civil did not appear in this federal proceeding or otherwise oppose Petitioner's allegations.

    4.  On January 6, 2009, the Court entered an Order confirming Arbitrator Pierson's Award and Order of October 30, 2008.  (Dkt. No. 3)  The Court also entered a Judgment in favor of Petitioner and against General Civil in the amount of $6,054.65.  (Dkt. No. 4)

    5.  On March 31, 2009, Petitioner moved for an Order of Contempt.  (Dkt. No. 5)  According to Petitioner's motion papers, General Civil has failed to satisfy the judgment of $6,054.65.  (Pet.'s Mem. at pg. 4)  In addition, Petitioner explained that it has "served post-judgment discovery upon the Employer in the form

2

of a Subpoena *duces tecum* and *ad testificandum*, which required the Employer to appear and provide oral and written testimony disclosing the location of its assets so that the judgment amount could be pursued by the Funds . . . on March 4, 2009." (Id.) The subpoena, according to Petitioner, "was served simultaneously by regular and certified mail, return receipt requested, to the Employer's last known address." (Id.) Petitioner represents that "[t]he Employer failed to appear for the deposition . . . on March 4, 2009." (Id.)

    6. Petitioner attached a deposition transcript from March 4, 2009, to its papers in support of its contempt motion. That transcript includes the following statement by counsel for Petitioner:

> [A]n order confirming the arbitration award and judgment in favor of the funds and against the respondent was entered on January 9th, 2009 in the sum of $6,054.65. The order and judgment was served on the respondent on January 21st, 2009 via first class and certified mail, return receipt requested. The first class mail was not returned to this office. However, the certified mail receipt was signed for on January 26 and returned. Also enclosed with the order and judgment was a subpoena duces tecum and ad testificandum requiring respondent to appear at the law offices of Kroll, Heineman to give oral testimony and make written discovery on March 4, 2009.

(Tr. 4:22-5:11 (Mar. 4, 2009))

    7. In further support of its contempt motion, Petitioner supplied the Court with a draft Order to Show Cause why Respondent should not be held in contempt. (Dkt. No. 5) The

3

Court adopted the provided Order to Show Cause, and scheduled a Show Cause hearing for July 28th, 2009, at 3:30 p.m. in Courtroom 1 of the United States Courthouse in Camden, New Jersey.  (Dkt. No. 7)

8.  In advance of the Show Cause hearing date, Petitioner supplied the Court with a draft Order Holding Gino Batista, President of General Civil, in Contempt.  That Order calls for Mr. Batista to be arrested and imprisoned until such time as "he submits payment as provided by this Court's Confirmation Order dated January 6, 2009, or provides a schedule of the corporate assets of General Civil Corporation as provided by this Court's Confirmation Order dated January 6, 2009."  (Dkt. No. 6)

9.  At the prescribed time and location for the Show Cause hearing on July 28th, 2009, <u>neither</u> party appeared.

10.  As indicated above, *supra* ¶ 6, Petitioner has stated on the record that post-judgment discovery was served by postal mail.  Such service, however, does not comport with what is required under Federal Rule of Civil Procedure 45(b)(1), which mandates that "[s]erving a subpoena requires **delivering a copy to the named person** . . . ."  (emphasis added).  Therefore, valid service of a subpoena for post-judgment discovery has not, at present, been made upon Mr. Batista, a non-party to this federal proceeding.  As such, the Court will not hold him in contempt for failing to submit to such discovery.

4

11.  Moreover, the Order to Show Cause prepared by Petitioner, and adopted by this Court, *see supra* ¶ 7, is inartfully drafted and thus unclear in its commands.  While Petitioner may have intended to direct the Order to Show Cause to Mr. Batista individually, the text of the Order repeatedly refers to "Respondent[.]"  Respondent in this matter is General Civil, not Mr. Batista.

12.  Finally, the primary method to enforce a money judgment is by a writ of execution.  Fed. R. Civ. P. 69(a) ("A money judgment is enforced by a writ of execution, unless the court directs otherwise.").  Alternative methods of enforcement are not favored unless a writ would be an inadequate remedy, and contempt sanctions should be imposed as an enforcement method only in exceptional circumstances.  13 James Wm. Moore et al., Moore's Federal Practice § 69.02.  Here, it is premature to conclude that Petitioner cannot follow the primary method of enforcing its judgment, particularly given that proper service of a subpoena upon Mr. Batista has not occurred to date.

And for good cause shown;

**IT IS**, on this   1st   day of September, 2009,

**ORDERED THAT**

1.  The Order to Show Cause (Dkt. No. 7) is hereby **VACATED**.

2.  Petitioner's Motion for Contempt (Dkt. No. 5) is hereby **DENIED WITHOUT PREJUDICE**.

3. Petitioner shall adhere to the requirements of Federal Rule of Civil Procedure 45(b)(1) with respect to any future subpoenas seeking post-judgment discovery.

    s/ Joseph E. Irenas
**JOSEPH E. IRENAS, S.U.S.D.J.**